**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 PENSION FUND; INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 WELFARE FUND; INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 ANNUITY FUND; INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS LOCAL 17 JOINT APPRENTICESHIP, TRAINING, AND RECORD KEEPING TRUST; THE LABOR MANAGEMENT COOPERATIVE TRUST; and INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ALLIED WORKERS, LOCAL 17 OF CHICAGO, ILLINOIS, <br><br> Plaintiffs, <br><br> vs. <br><br> U S PLUMBING & SEWER, INC., an Illinois Corporation; and JOHN DIFOGGIO, an Individual, <br><br> Defendants. | NO. 19-cv-1764 <br><br> JUDGE: <br><br> MAGISTRATE JUDGE: |

**<u>COMPLAINT</u>**

NOW COME the Plaintiffs, the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 PENSION FUND, the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 WELFARE FUND, the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 ANNUITY FUND, the INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS LOCAL 17 JOINT APPRENTICESHIP, TRAINING, AND RECORD KEEPING TRUST (collectively "Trust Funds"), the LABOR MANAGEMENT COOPERATIVE TRUST ("LMCT"), and the INTERNATIONAL ASSOCIATION OF HEAT AND FROST

1

INSULATORS AND ALLIED WORKERS, LOCAL 17 OF CHICAGO, ILLINOIS ("Local 17"), by and through their attorneys, JOHNSON & KROL, LLC, and complain of the Defendants U S Plumbing & Sewer, Inc. ("U S Plumbing") and JOHN DIFOGGIO ("DiFoggio") as follows:

## JURISDICTION AND VENUE

1. Count I of this action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 185(c), 1132(e)(1), and 1145 as well as 28 U.S.C. § 1331.

2. Count II of this action arises under an executed Installment Payment Agreement between U S Plumbing, DiFoggio, the Trust Funds, Local 17, and the Illinois Regional Insulation Contractors Industry Trust. The Installment Payment Agreement, which was fully executed as of September 12, 2018, involved repayment of unpaid contributions, union dues, and liquidated damages owed to the Trust Funds and Local 17. The Court has supplemental jurisdiction over the subject matter in this action pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) in that the Trust Funds, are administered at 18520 Spring Creek Drive, Tinley Park, Illinois 60477, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

4. The Trust Funds receive contributions from numerous employers pursuant to the Collective Bargaining Agreements between the employers and Local 17, and therefore are multiemployer plans under 29 U.S.C. § 1002.

5. The LMCT is a Labor Management Cooperation Committee administered in Tinley Park, Illinois.

6. Local 17 is the bargaining representative of Defendant U S Plumbing's bargaining unit employees.

7. DiFoggio is an individual with his principal residence in Lemont, Illinois.

8. Defendant U S Plumbing is an Illinois corporation with its principal place of business located in Darien, Illinois.

**COUNT I**
**BREACH OF THE COLLECTIVE BARGAINING AGREEMENT**

9. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. U S Plumbing is an employer engaged in an industry affecting commerce that agreed to be bound by the provisions of the Collective Bargaining Agreement ("CBA") negotiated between Local 17 and the Illinois Regional Insulation Contractors Association, Inc. for all times relevant to this action. (A copy of the CBA is attached as **Exhibit 1**).

11. Through the Installment Payment Agreement, DiFoggio agreed that he is personally bound by the CBA and that he is an employer for purposes of 29 U.S.C. § 1145. (A copy of the Installment Payment Agreement is attached as **Exhibit 2**).

12. Through the CBA referred to in Paragraphs 10 and 11, U S Plumbing and DiFoggio also became bound by the provisions of the Agreements and Declarations of Trust which created the Trust Funds (hereinafter referred to as the "Trust Agreements").

13. Pursuant to the provisions of the CBA and the Trust Agreements, U S Plumbing and DiFoggio are required to make monthly reports of hours worked by its bargaining unit employees (hereinafter referred to as "monthly Contribution Reports") and pay contributions to the Trust Funds and LCMT for each hour worked pursuant to the CBA at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the twentieth (20th) day of the calendar month following the calendar month during which the work was performed.

14. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the CBA and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the Trust Funds and LMCT on or before the twentieth (20th) day of each month are responsible for the payment of liquidated damages equal to 10% of the amount unpaid; in the event payment is not made by the thirtieth (30th) day of the month, an additional 10% in liquidated damages for each fund is assessed on the unpaid amount.

15. Pursuant to the terms of the CBA, U S Plumbing and DiFoggio are required to deduct union dues assessed at 3.5% of each covered employee's total wage and contribution package from its employees' paychecks and remit payment of those dues to Local 17.

16. Pursuant to the Installment Payment Agreement, DiFoggio agreed to be personally liable for all ongoing contributions, liquidated damages, and attorney's fees that become due and owing during the duration of the Installment Payment Agreement. (**Exhibit 3**).

17. On or about January 8, 2019, U S Plumbing submitted monthly Contribution Reports for July 2018 through November 2018.

18. Based upon the Contribution Reports referred to in Paragraph 17, U S Plumbing and DiFoggio owe contributions and union dues totaling $4,167.96.

19. Based upon the failure to make timely payment of the contributions and union dues referred to in Paragraph 18, U S Plumbing and DiFoggio owed liquidated damages totaling $833.59.

20. On or about January 14, 2019, Defendants submitted payment of $2,562.75 towards the outstanding contributions, union dues, and liquidated damages, which was received by the Trust Funds' attorney on January 15, 2019.

21. On or about January 25, 2019, Defendants submitted a monthly Contribution Report for December 2018.

22. Based on the December 2018 Contribution Report, U S Plumbing and DiFoggio owe contributions and union dues totaling $118.24 and liquidated damages totaling $25.01.

23. On or about March 12, 2019, Defendants submitted a monthly Contribution Report for January 2019.

24. Based on the January 2019 Contribution Report, U S Plumbing and DiFoggio owe contributions and union dues totaling $295.60 and liquidated damages totaling $59.12.

25. On or about March 7, 2019, Defendants submitted a monthly Contribution Report for February 2019.

26. Based on the February 2019 Contribution Report, U S Plumbing and DiFoggio owe contributions and union dues totaling $325.16.

27. Plaintiffs are seeking to conduct a payroll compliance audit of U S Plumbing pursuant to the provisions of the CBA and the Trust Agreements.

28. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing the Plaintiffs from U S Plumbing and DiFoggio.

29. Plaintiffs have complied with all conditions precedent in bringing this suit.

30. U S Plumbing and DiFoggio are obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter Judgment in favor of Plaintiffs and against U S Plumbing and DiFoggio, jointly and severally, in the amount of $5,823.32 for unpaid contributions, union dues, and liquidated damages owed for July 2018 through February 2019;

B. That this Honorable Court enter an Order requiring U S Plumbing to comply with a payroll compliance audit for the period of November 1, 2016, through present;

C. That this Honorable Court enter Judgment in favor of Plaintiffs and against U S Plumbing and DiFoggio, jointly and severally, for all unpaid contributions, union dues, liquidated damages, and audit fees revealed in the payroll compliance audit;

D. That this Honorable Court enter Judgment in favor of Plaintiffs and against U S Plumbing and DiFoggio, jointly and severally, for any other amounts discovered to be due and owing to Plaintiffs by U S Plumbing and DiFoggio in addition to those identified in paragraph A and C above;

E. That U S Plumbing and DiFoggio, jointly and severally, be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D); and

F.      That Plaintiffs have such other and further relief as the Court may deem just and equitable all at U S Plumbing and DiFoggio's cost, pursuant to 29 U.S.C. §1132(g)(2)(D).

## COUNT II
## BREACH OF THE INSTALLMENT PAYMENT AGREEMENT

31.      Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-29 of this Complaint with the same force and effect as if fully set forth herein.

32.      DiFoggio is the President of U S Plumbing.

33.      On September 7, 2018, U S Plumbing and DiFoggio, individually as a guarantor, entered into an Installment Payment Agreement with the Plaintiffs. (**Exhibit 2**).

34.      The Installment Payment Agreement called for U S Plumbing and DiFoggio to make seven (7) installment payments to the Plaintiffs in the amount of $3,000.00 and one (1) installment payment of $1,332.94, which represented repayment of $21,867.02 owed to the Trust Funds and Local 17 for contributions, union dues, liquidated damages, and attorney's fees, with an interest rate of 6.00% per annum, compounded monthly. (**Exhibit 2**).

35.      Pursuant to the Installment Payment Agreement, the installment payments were to be paid to the Plaintiffs by the first (1st) of the month. (**Exhibit 2**).

36.      Pursuant to the Installment Payment Agreement, any installment payments not received by the first (1st) of the month shall constitute a default of the Installment Payment Agreement. (**Exhibit 2**).

37.      U S Plumbing and DiFoggio failed to timely remit the installments due on October, 1, 2018, November 1, 2018, December 1, 2018, and January 1, 2019.

38.      U S Plumbing and DiFoggio failed to remit the installments due on February 1, 2019, and March 1, 2019.

39. The Installment Payment Agreement called for U S Plumbing and DiFoggio to submit monthly contributions reports and contribution payments for the periods subsequent to Installment Payment Agreement in a timely manner. (**Exhibit 2**).

40. U S Plumbing and DiFoggio have failed to submit contributions and union dues for the months of December 2018, January 2019, and February 2019.

41. As a result of U S Plumbing and DiFoggio's failure to timely pay the installments due on October 1, 2018, November 1, 2018, December 1, 2018, and January 1, 2019; U S Plumbing and DiFoggio's failure to pay the installments due on February 1, 2019, and March 1, 2019; and U S Plumbing and DiFoggio's failure to remit contributions for December 2018, January 2019, and February 2019, the balance of the remaining installments totaling $10,332.94 is now due and owing under the Installment Payment Agreement.

42. Furthermore, pursuant to the Installment Payment Agreement, U S Plumbing and DiFoggio are liable for liquidated damages in the amount of $2,066.59, along with the Plaintiffs' attorney's fees and costs incurred in enforcing the Installment Payment Agreement.

43. Plaintiffs have complied with all conditions precedent in bringing this suit.

**WHEREFORE**, Plaintiffs respectfully request:

A. That this Honorable Court enter Judgment in favor of Plaintiffs and against U S Plumbing and DiFoggio, jointly and severally, in the amount of $10,332.94, representing the payment balance due under the Installment Payment Agreement;

B.     That this Honorable Court enter Judgment in favor of Plaintiffs and against U S Plumbing and DiFoggio, jointly and severally, in the amount of $2,066.59 for liquidated damages owed on the defaulted Installment Payment Agreement;

C.     That U S Plumbing and DiFoggio, jointly and severally be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D); and

D.     That Plaintiffs have such other and further relief as the Court may deem just and equitable all at DiFoggio's cost, pursuant to 29 U.S.C. §1132(g)(2)(D).

Respectfully Submitted,

**INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS LOCAL 17 PENSION FUND** *et al.*

/s/ William M. Blumthal, Jr. - 6281041
One of Plaintiffs' Attorneys

William M. Blumthal, Jr.
**JOHNSON & KROL, LLC**
311 S. Wacker Drive, Suite 1050
Chicago, IL 60606
(312) 757-5477